# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| HAO LIU, ON BEHALF OF THE UNITED STATES § § § | |
| | Civil Action No. 4:16-CV-694 |
| v. | (Judge Mazzant/Judge Nowak) |
| HOPKINS COUNTY, CITY OF SULPHUR SPRINGS, UNNAMED INDIVIDUAL, AND/OR INDIVIDUALS | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 20, 2016, the report of the Magistrate Judge (Dkt. #17) was entered containing proposed findings of fact and recommendations that Defendant City of Sulphur Springs, Texas's Motion for Show Cause Hearing and Motion to Dismiss (Dkt. #4) and Defendant Hopkins County, Texas's Motion to Dismiss (Dkt. #5) each be granted. Having received the report of the Magistrate Judge (Dkt. #17), having considered each of Plaintiff's timely filed objections (Dkts. #17-20), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #17) as the findings and conclusions of the Court.

**BACKGROUND**

The underlying facts are set out in further detail by the Magistrate Judge, and need not be repeated in their entirety (*see* Dkt. #17). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiff's objections.

In 2010, Plaintiff Hao Liu filed a qui tam action under the False Claims Act, proceeding pro se and seeking to represent the United States Government's interest rather than his own. *U.S. ex rel Hao Liu v. Med. Ctr. of Plano*, No. 4:09-CV-625, 2010 WL 4226766, at *1 (E.D. Tex. Sept. 27, 2010), *report and recommendation adopted sub nom. U.S. ex rel. Hao Liu v. Med. Ctr. of Plano*, No. 4:09-CV-625, 2010 WL 4226762 (E.D. Tex. Oct. 26, 2010). On October 26, 2010, Judge Schneider of the Eastern District of Texas dismissed that case and entered a final judgment prohibiting Plaintiff "from filing any civil action in this district without prior permission of the Court" ("EDTX Pre-Filing Injunction"). *See U.S. ex rel. Hao Liu v. Med. Ctr. of Plano*, No. 4:09-CV-625, 2010 WL 4226762, at *1 (E.D. Tex. Oct. 26, 2010).

On September 9, 2016, Plaintiff filed the instant suit without first complying with the EDTX Pre-Filing Injunction. On September 27, 2016, Defendant City of Sulphur Springs, Texas ("Sulphur Springs") filed a Motion for Show Cause Hearing and Motion to Dismiss (Dkt. #4), arguing for dismissal of this case. On October 3, 2016, Defendant Hopkins County, Texas ("Hopkins County") also filed a Motion to Dismiss arguing that Plaintiff's Complaint should be dismissed under the EDTX Pre-Filing Injunction, Federal Rule of Civil Procedure 11 as "frivolous," and/or Rule 12(b)(6) for failure to state a claim (Dkt. #5).[1] On October 5, 2016, the Court entered an Order Governing Proceedings setting this case for a Federal Rule of Civil Procedure 16 Management Conference on November 28, 2016, at 3:00 p.m. before the Magistrate

---

[1] The Court will refer to Sulphur Springs and Hopkins County collectively as "Defendants."

Judge, and directing the Parties to confer pursuant to Rule 26. The Court further ordered Plaintiff on that same date to file a Response to Sulphur Springs' Motion for Show Cause Hearing and Motion to Dismiss addressing certain specific issues. Plaintiff failed to comply and did not file a response as ordered. Instead, Plaintiff filed two motions—United States #1 Motion Sham on Defense Misrepresentation Court Record and United States #2 Motion Disqualification Defense Appearance Impropriety—neither of which addressed the Court's concerns. Plaintiff further did not participate in the required Rule 26(f) Conference, and also failed to appear for the Rule 16 Management Conference, despite being ordered to do so. The Court subsequently ordered Plaintiff to appear for a Show Cause Hearing on December 5, 2016 at 4:00 p.m. ("Hearing") to show cause why Plaintiff's Complaint should not be dismissed. The Court warned Plaintiff that failure to comply with its Orders could result in dismissal of Plaintiff's case. Plaintiff failed to appear at Hearing.

The Magistrate Judge thereafter entered a report and recommendation on December 20, 2016, recommending Sulphur Springs' Motion for Show Cause Hearing and Motion to Dismiss (Dkt. #4) and Hopkins County's Motion to Dismiss (Dkt. #5) each be granted (Dkt. #17). Specifically, the Magistrate Judge recommended the Court find as follows: (1) Plaintiff filed this suit in violation of the EDTX Pre-Filing Injunction; (2) Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6); and (3) Plaintiff's claims should be dismissed for want of prosecution and/or failure to obey a court order. Plaintiff has made three filings since the Magistrate Judge's report and recommendation: (1) United States #3 Motion Notice Emergency Intervenes (Dkt. #18), filed on January 17, 2017; (2) United States #4 Motion Duces Tecum Defense Telephonic-Record Perjury in a Judicial Context (Dkt. #19), filed on January 23, 2017; and (3) United States #5 Motion Affidavit Reallege Defense Obstructions Severity Mental Anguish Injuries Distress #3, #4 Motion

Court Proceedings (Dkt. #20), filed on January 23, 2017. The Court construes these filings—being Dockets 18, 19, and 20—as Plaintiff's objections to the Magistrate Judge's report and recommendation.

**ANALYSIS**

Under the law, a party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff asserts no specific objections to the Magistrate Judge's findings, but rather generally states that: (1) he did not receive notice of Hearing until January 15, 2017; (2) Plaintiff never received any telephone calls from Defendant regarding the 26(f) conference; and (3) Plaintiff's mother, for whom he is the primary caregiver, suffered a medical injury that prevented him from "timely receiving defense called pretrial conferencing due appearance before this district court."

The Court notes again that "[p]arties filing objections must specifically identify those findings [to which they object]. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc); *Chase Bank USA, N.A. v. McLain*, No. 1:12-CV-353, 2013 WL 713404, at *1 (E.D. Tex. Feb. 26, 2012). Plaintiff's "objections" do not reference or otherwise identify the findings of the Magistrate Judge to which he objects; indeed, Plaintiff's filings do not include any discussion whatsoever regarding whether Plaintiff's Complaint was filed in compliance with the EDTX Pre-Filing Injunction and/or his authority to act on behalf of the United States. Neither does Plaintiff argue that his Complaint is not properly dismissed pursuant to Rule 12(b)(6). In Plaintiff's filings, he does not identify any specific issue of law or fact—among those set forth in

the Magistrate Judge's report and recommendation—with which he disagrees. Rather, he seemingly only asserts excuses related to his failures to appear, which could relate to the Magistrate Judge's finding that Plaintiff's Complaint should be dismissed pursuant to Rule 41(b). Plaintiff avers that he did not receive notice of Hearing until January 15, 2017. Further, Plaintiff avers that Plaintiff never contacted him by telephone regarding his participation in the Rule 26(f) conference ordered by this Court in its Order Governing Proceedings.

Under Rule 41(b), where a plaintiff has failed to prosecute an action with reasonable diligence, a court may dismiss it on motion of defendant or on its own motion. *See Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.), *cert. denied*, 535 U.S. 938 (2002); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988); *see also Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978); *Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974). A district court of the United States is vested with power, under Rules 41 and 83 of the Federal Rules of Civil Procedure, to dismiss an action for failure of a plaintiff to prosecute it with reasonable diligence. *Hicks v. Bekins Moving & Storage Co.*, 115 F.2d 406, 408 (9th Cir. 1940). The power of a district court to dismiss for want of prosecution is inherent in the court and may be exercised *sua sponte* whenever necessary to achieve orderly and expeditious disposition of a case. *See Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985); *Ramsay v. Bailey*, 531 F.2d 706, (5th Cir. 1976), *cert. denied*, 429 U.S. 1107 (1976). Cases interpret Rule 41(b) broadly to give courts the power, on their own motion, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of parties seeking relief. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962). Additionally, the Court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d

1406, 1417 (5th Cir. 1995)); *see also Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (discussing authority for *sua sponte* dismissal through "the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases"). And courts have continuously held that ignorance of the law and inadvertent noncompliance, including missed deadlines and defective pleadings, are inexcusable even when the plaintiff is proceeding *pro se*. *See, e.g.*, *Teemac v. Henderson*, 298 F.3d 452, 458 (5th Cir. 2002); *see also Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (*pro se* litigants are not exempt from compliance with the relevant rules of procedure and substantive law).

In this case, Plaintiff failed to comply with this Court's orders directing him to (1) participate in a Rule 26(f) conference and submit the corresponding report; (2) respond to Sulphur Springs' Motion for Show Cause Hearing and Motion to Dismiss; (3) appear for a Rule 16 scheduling conference; and (4) appear for Hearing.[2] At the outset, Plaintiff provides no excuse related to Items 2 and 3 delineated above for why he failed to respond and/or appear. The Court also does not find compelling either of Plaintiff's proffered reasons for his lack of participation in the Rule 26(f) conference or the December 5 Hearing. With respect to the Rule 26(f) conference, Plaintiff alleges that Defendants falsely represented to the Court that they called Plaintiff to seek his participation in the Rule 26(f) conference. The Court finds no such representation in the record. Notably, Defendants aver in their Motion to Extend the Deadline to File Joint Attorney Conference Report and Motion to Re-Purpose the Rule 16 Management Conference that they sent Plaintiff a *letter* requesting he schedule the conference and/or provide a telephone number for counsel to call

---

[2] The docket sheet reflects that the Court's mailing of the Order Governing Proceedings was returned "unclaimed"; however, to the extent Plaintiff asserts dismissal under Rule 41(b) is improper on that basis, Plaintiff is responsible for keeping up with the filings in his case and maintaining updated contact information. *See* E.D. Tex. R. CV-11(d); *Muhammad v. Borel*, No. 1:16-CV-00196-RC, 2016 WL 6684295, at *2 n.1 (E.D. Tex. Sept. 29, 2016), *report and recommendation adopted*, No. 1:16-CV-196, 2016 WL 6680558 (E.D. Tex. Nov. 14, 2016).

him. Moreover, as to Plaintiff's failure to appear for the December 5 Hearing, Plaintiff avers that he did not timely receive the Court's Order setting Hearing. Even if Plaintiff had not received notice, Plaintiff's Complaint should still be dismissed given that he has been otherwise dilatory in complying with this Court's orders and acting on his claims. *See Muhammad v. Borel*, No. 1:16-CV-00196-RC, 2016 WL 6684295, at *2 (E.D. Tex. Sept. 29, 2016), *report and recommendation adopted*, No. 1:16-CV-196, 2016 WL 6680558 (E.D. Tex. Nov. 14, 2016) (dismissing suit when plaintiff failed to participate in Rule 26(f) conference and a Rule 16 management conference).

Despite Plaintiff's failure to specifically object to any of the Magistrate Judge's findings, the Court has undertaken a complete de novo review of the report and recommendation, and the Court concludes that the Magistrate Judge's findings and conclusions are correct. *See Douglass*, 79 F.3d at 1429 (noting that a district court may alternatively find the magistrate judge's findings and conclusions were correct even though a party did not properly object to the report and recommendation). Accordingly, the Court adopts the Magistrate Judge's finding that Plaintiff's Complaint should be dismissed under Rule 12(b)(6), Rule 41(b), and for Plaintiff's violation of the EDTX Pre-Filing Injunction.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Plaintiff's timely filed objections (Dkt. #17), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #17) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant City of Sulphur Springs, Texas's Motion for Show Cause Hearing and Motion to Dismiss (Dkt. #4) and Defendant Hopkins County, Texas's Motion to Dismiss (Dkt. #5) each are **GRANTED**, and Plaintiff's claims against Defendants are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**SIGNED this 27th day of January, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE